UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| MICHAEL PARSONS §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>CLEAN AIR, INC. d/b/a §<br>PAMLICO AIR INC., §<br>§<br>Defendant. § | Civil Action No. 7:23-cv-00065-O |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 13), filed October 30, 2023; Plaintiff's Response in Opposition to the Motion (ECF No. 14), filed November 20, 2023; and Defendant's Reply in Support of the Motion (ECF No. 15), filed December 4, 2023. For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**.

### I.   BACKGROUND[1]

Clean Air, Inc. d/b/a Pamlico Air Inc. ("Defendant") hired Michael Parsons ("Plaintiff") in January 2020 as a Plant Manager at Defendant's Wichita Falls facility. Plaintiff's wife also worked for Defendant as a Manager of Human Resources.

Plaintiff was diagnosed with various types of cancer in 2022. Plaintiff promptly informed the plant's employees and management of his condition. Because Plaintiff had numerous medical appointments for evaluation, testing, and treatment, and those appointments were likely to impact

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's First Amended Complaint. *See* Pl.'s First Amend. Compl., ECF No. 12. At this stage, these facts are taken as true and viewed in the light most favorable to the plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

1

his ability to work, Plaintiff frequently communicated updates regarding his appointments, condition, and treatment expectations to various members of Defendant's management team.

In July 2022, Plaintiff decided to step down from his role as plant manager and into the role of Operations Manager. Following Plaintiff's resignation, Paul Ness, a Controller in Defendant's corporate office, stepped in as plant manager.

A month later, representatives from Defendant's corporate office came to the Wichita Falls plant to investigate Plaintiff and his wife due to complaints of favoritism. As part of this investigation, Plaintiff and his wife were instructed to leave the premises. Two days later, Defendant terminated Plaintiff and his wife.

Neither Plaintiff nor his wife had the opportunity to contest the allegations against them. Plaintiff also denies that he demonstrated favoritism. Plaintiff believes that Defendant's allegation of favoritism is related to Plaintiff's leadership of Bible Study meetings, which included participation by some employees of the Wichita Falls plant as well as members of Defendant's management team. Plaintiff states that he was never told that participation in the Bible Study was prohibited or controversial, and despite his own termination, members of Defendant's management team who also participated in the Bible Study remain employed by Defendant.

Plaintiff believes that Defendant's proffered reason, "favoritism" purportedly displayed by Plaintiff in running the plant, is unworthy of belief and a pretext for unlawful discrimination. In turn, Plaintiff alleges that Defendant terminated Plaintiff's employment because Defendant sought to avoid performance-related impacts that may have occurred because of Plaintiff's cancer diagnosis and upcoming treatment. Plaintiff further avers that his wife was also removed to prevent her from obtaining information related to Plaintiff's termination.

Plaintiff filed this lawsuit on July 11, 2023, alleging a claim for disability discrimination in violation of the Americans with Disabilities Act ("ADA"). On October 30, 2023, Defendant filed its motion to dismiss, which is now ripe for review.[2]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court may not accept legal conclusions as true, but when well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 678–79.

---

[2] Def.'s Mot. to Dismiss, ECF No. 13; Pl.'s Resp., ECF No. 14; Def.'s Reply, ECF No. 15.

### III.   ANALYSIS

At the motion to dismiss stage, Plaintiff must allege "(1) he has a disability; (2) he is qualified for the job; and (3) [Defendant] made its adverse employment decision because of [Plaintiff's] disability" to establish a claim of discrimination under the ADA. *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013) (cleaned up).[3] In a discrimination claim, a plaintiff need not plead facts sufficient to establish a prima facie case to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case. . . also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Here, the parties do not appear to dispute that Plaintiff has an alleged disability and that Plaintiff was qualified for his position.[4] So only element three—i.e., whether Plaintiff suffered an adverse employment action because of his disability—is at issue.

Plaintiff claims that "Defendant's reliance on these Bible Study meetings. . . at the plant to justify Plaintiff's termination is a mere pretext for unlawful discrimination."[5] In other words, Plaintiff alleges that he was terminated, not because of favoritism, but to avoid performance related impacts associated with his cancer diagnosis. Thus, Plaintiff has sufficiently alleged that Defendant terminated him because of his disability. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss.

---

[3] Defendant argues that Plaintiff must also allege that "he was replaced by a non-disabled person or was treated less favorably than a non-disabled person" as articulated in the *McDonell Douglas* framework. Def.'s Mot. to Dismiss, 5, ECF No. 13. While the Court may consider *McDonell Douglas* at the motion to dismiss stage, it cannot "inappropriately heighten[] the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss." *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019). Thus, the Court may not dismiss Plaintiff's claims, at this stage, strictly because the plaintiff does not identify a comparator. *Id.*
[4] Def.'s Mot. to Dismiss, ECF No. 13.
[5] Pl.'s First Amend. Compl. ¶ 38, ECF No. 12.

## IV.   CONCLUSION

For the reasons stated above Defendant's Motion to Dismiss is **DENIED**.

**SO ORDERED** on this **7th day** of **March 2024**.

                                                 *[signature]*
                                                 Reed O'Connor
                                             **UNITED STATES DISTRICT JUDGE**